UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| PAUL & NATALIE "GINGER" ALVEY, ) <br> JERRY, JAMES, & BARBARA BASHAM ) <br> JEREMY & DEANNA BRAUN, ) <br> BURGESS, RACHEL ) <br> TIMOTHY CAMPBELL, ) <br> OMER & LEE ANN CLAUSEN, ) <br> CYNTHIA DAUBY, ) <br> ROBERT & MARY DAUBY, ) <br> DAN & SHARI EMBRY, ) <br> JERRY & KIM EMBRY, ) <br> DARRELL HARPER, ) <br> JAY & LEE ANN HUEBSCHMAN, ) <br> BRENT & DANA KELLEMS, ) <br> MARK KING & KELLY SCHAEFER, ) <br> MICHAEL & SANDRA KING, ) <br> JAMES & VIRGINIA LUDWIG, ) <br> DEBRA MANGUM & CLARA CRAWFORD, ) <br> JEFFREY & WINDY MARTIN, ) <br> BARBARA MILLS, ) <br> CHRISTOPHER & BRANDI MITCHELL, ) <br> RICHARD MOORE & MARIA VELAZQUEZ, ) <br> TIM NEYENHAUS, ) <br> DAVID & BARBARA OOST, ) <br> BRYCE & COURTNEY PATRICK, ) <br> BART & HOLLI PETER, ) <br> DANIEL PFEIFFER, JEFFREY PIERRARD, ) <br> JOHN PILLOW, ) <br> DARREN & KATHY POOLE, ) <br> CHARLES JR. & LYNNE RICE, ) <br> CAROLYN ROBERTS, ) <br> TERRY & LARRY SCHAEFER, ) <br> TIMOTHY M. SCHRANER, JR. ) <br> ROGER & P. COLLEEN SMITH, ) <br> DAN & KATHY VANHOOSIER, ) <br> DANIEL & APRIL WHEATLEY, ) <br> JOSEPH & TORY WOZNICKI, ) <br> and ) <br> CITY OF TELL CITY, INDIANA ) <br> ) <br>     Plaintiffs ) <br> ) <br>     vs. ) <br> ) <br> GENERAL ELECTRIC COMPANY ) <br> ) <br>     Defendant. ) | **AMENDED COMPLAINT** |

## AMENDED COMPLAINT

COME NOW Plaintiffs, by counsel, and bring this action against the Defendant under Indiana's Environmental Legal Action Statute, Ind. Code § 13-30-9-1, *et seq.*, (the "ELA") and other statutory and common law tort claims, and alleges and states as follows:

### Parties and Venue

1. Paul and Natalie "Ginger" Alvey are individuals owning a residence located at 1512 13th Street, Tell City, Indiana (the "Alvey's Property"), which was acquired by them on or around February 21, 2002.

2. Jerry, James and Barbara Basham are individuals owning a residence located at 1402 12th Street, Tell City, Indiana (the "Basham's Property"), which was acquired by them on or around March 10, 2011.

3. Jeremy and Deanna Braun are individuals owning a residence located at 1305 13th Street, Tell City, Indiana (the "Braun's Property"), which was acquired by them on or around October 7, 2013.

4. Rachel Burgess is an individual owning a residence located at 1227 13th Street, Tell City, Indiana (the "Burgess' Property), which was acquired by her on or around September 23, 2013.

5. Timothy M. Campbell is an individual owning a residence located at 1047 13th Street, Tell City, Indiana (the "Campbell's Property"). which was acquired by him on or around July 13, 2012.

6. Omer and Lee Ann Clausen are individuals owning a residence located at 1407 13th Street, Tell City, Indiana (the "Clausen's Property"), which was acquired by them on or around August 11, 2016.

7. Cynthia M. Dauby is an individual owning a residence located at 1415 13th Street, Tell City, Indiana (the "C. Dauby's Property"), which was acquired by her on or around July 31, 2008.

8. Robert and Mary Dauby are individuals owning a residence located at 1417 10th Street, Tell City, Indiana (the "R. M. Dauby's Property"), which was acquired by them on or around July 5, 2012.

9. Dan and Shari Embry are individuals owning a residence located at 1113 Payne Street, Tell City, Indiana (the "D. S. Embry's Property"), which was acquired by them on or around August 17, 1999.

10. Jerry and Kim Embry are individuals owning a residence located at 1421 13th Street, Tell City, Indiana (the "J. K. Embry's Property"), which was acquired by them on or around June 20, 2001.

11. Darrell Harper is an individual owning a residence located at 1429 12th Street, Tell City, Indiana (the "Harper's Property"), which was acquired by him on or around October 6, 1993.

12. Jay and Lee Ann Huebschman are individuals owning a business located at 1344 Main Street, Tell City, Indiana (the "Huebschman's Property"), which was acquired by them on or around, which was acquired by them on or around January 14, 2013.

13. Brent and Dana Kellems are individuals owning a residence located at 1419 13th Street, Tell City, Indiana (the "Kellems' Property"), which was acquired by them on or around February 14, 2017.

14. Faye King, c/o Michael & Mark King and Kelly Schaefer are individuals owning a residence located at 1602 9th Street, Tell City, Indiana (the "F. King's Property"), which was

acquired on or around January 9, 1990.

15. Michael and Sandra King are individuals owning a residence located at 1538 14th Street, Tell City, Indiana (the "M. S. King's Property"), which was acquired by them on or around June 26, 2013.

16. James and Virginia Ludwig are individuals owning a residence located at 1407 12th Street, Tell City, Indiana (the "Ludwig's Property #1"), which was acquired by them on or around June 27, 1975, and owning a rental property located at 1401 12th Street, Tell City, Indiana (the "Ludwig's Property #2"), which was acquired by them on or around June 10, 1977.

17. Debra Mangum is an individual acting as the executor of a residence owned by Clara Crawford located at 1412 12th Street, Tell City, Indiana (the "Mangum-Crawford's Property"), which was acquired by her on or around November 21, 1969.

18. Jeffrey and Windy Martin are individuals owning a residence located at 1401 11th Street, Tell City, Indiana (the "Martin's Property"), which was acquired by them on or around February 9, 2000.

19. Barbara Mills is an individual owning a residence located at 1511 14th Street, Tell City, Indiana (the "Mills' Property"), which was acquired by her on or around September 23, 2002.

20. Christopher and Brandi Mitchell are individuals owning a residence located at 1108 Herrman Street, Tell City, Indiana (the "Mitchell's Property"), which was acquired by them on or around March 4, 2013.

21. Richard Moore and Maria Velazquez are individuals owning a residence located at 1331 12th Street, Tell City, Indiana (the "Moore-Velazquez's Property"), which was acquired by them on or around April 17, 2002.

22. Tim Neyenhaus is an individual owning a residence located at 1230 Herrman Street, Tell City, Indiana (the "Neyenhaus' Property"), which was acquired by him on or around August 9, 2016.

23. David and Barbara Oost are individuals owning a residence located at 1428 9th Street, Tell City, Indiana (the "Oost's Property"), which was acquired by them on or around October 18, 2007.

24. Bryce and Courtney Patrick are individuals owning a residence located at 1315 13th Street, Tell City, Indiana (the "Patrick's Property"), which was acquired by her on or around February 7, 2014.

25. Bart and Holli Peter are individuals owning a residence located at 1525 13th Street, Tell City, Indiana (the "Peter's Property"), which was acquired by her on or around <ay 21, 2012.

26. Daniel Pfeiffer is an individual owning a residence located at 1310 12th Street, Tell City, Indiana (the "Pfeiffer's Property"), which was acquired by her on or around December 4, 2000.

27. Jeff Pierrard is an individual owning a residence located at 1427 Main Street, Tell City, Indiana (the "Pierrard's Property"), which was acquired by her on or around February 20, 2007.

28. John Pillow is an individual owning a residence located at 1430 12th Street, Tell City, Indiana (the "Pillow's Property"), which was acquired by her on or around May 5, 2009.

29. Darren and Kathy Poole are individuals owning a residence located at 1446 11th Street, Tell City, Indiana (the "Poole's Property"), which was acquired by her on or around September 25, 2003.

30. Charles Jr. and Lynne Rice are individuals owning a residence located at 1431 13th Street, Tell City, Indiana (the "Rice's Property"), which was acquired by her on or around September 21, 1980.

31. Carolyn Roberts is an individual owning a residence located at 1641 10th Street, Tell City, Indiana (the "Roberts' Property"), which was acquired by her on or around March 31, 1975.

32. Terry and Larry Schaefer are individuals owning a residence located at 1511 13th Street, Tell City, Indiana (the "Schaefer's Property"), which was acquired by her on or around June 15, 1992.

33. Timothy M. Schraner Jr. is an individual owning a residence located at 1337 12th Street, Tell City, Indiana (the "Schraner's Property"), which was acquired by her on or around November 13, 2012.

34. Roger and P. Colleen Smith are individuals owning a residence located at 1338 Main Street, Tell City, Indiana (the "Smith's Property"), which was acquired by her on or around October 1, 1993.

35. Dan and Kathy VanHoosier are individuals owning a residence located at 1531 12th Street, Tell City, Indiana (the "VanHoosier's Property"), which was acquired by her on or around December 4, 2000.

36. Daniel and April Wheatley are individuals owning a residence located at 1109 Herrman Street, Tell City, Indiana (the "Wheatley's Property"), which was acquired by her on or around October 27, 1997.

37. Joseph and Tory Woznicki are individuals owning a residence located at 1239 13th Street, Tell City, Indiana (the "Woznicki's Property"), which was acquired by her on or around

October 13, 2017.

38. The City of Tell City, hereinafter ("TELL CITY") is a municipality of the State of Indiana established in 1858, and is fully empowered to act as provided by statute and regulation on its own behalf and on behalf of its residents to protect their safety, health, and welfare.

39. TELL CITY owns property and utilities in Tell City, Perry County, Indiana including but not limited to public rights-of-way and sewers in the general vicinity of the GE Site (as defined herein) (collectively "Tell City's Property") which were acquired on various dates since the establishment of TELL CITY in 1858.

40. Paul & Natalie "Ginger" Alvey, Jerry, James, & Barbara Basham, Jeremy & Deanna Braun, Rachel Burgess, Timothy Campbell, TELL CITY, Omer & Lee Ann Clausen, Cynthia Dauby, Robert & Mary Dauby, Dan & Shari Embry, Jerry & Kim Embry, Darrell Harper, Jay & Lee Ann Huebschman, Brent & Dana Kellems, Mark King & Kelly Schaefer, Michael & Sandra King, James & Virginia Ludwig, Debra Mangum & Clara Crawford, Jeffrey & Windy Martin, Barbara Mills, Christopher & Brandi Mitchell, Tim Neyenhaus, David & Barbara Oost, Bryce & Courtney Patrick, Bart & Holli Peter, Daniel Pfeiffer, Jeffrey Pierrard, John Pillow, Darren & Kathy Poole, Charles Jr. & Lynne Rice, Carolyn Roberts, Terry & Larry Schaefer, Timothy M. Schraner, Jr., Roger & P. Colleen Smith, Dan & Kathy VanHoosier, Daniel & April Wheatley, and Joseph & Tory Woznicki, shall hereinafter be referred to collectively as "Tell City Property Owners".

41. Alvey's Property, Basham's Property, Braun's Property, Burgess' Property, Campbell's Property, Tell City's Property, Clausen's Property, C. Dauby's Property, R. M. Dauby's Property, D. S. Embry's Property, J. K. Embry's Property, Harper's Property, Huebschman's Property, Kellems' Property, F. King's Property, M. S. King's Property, Ludwig's Property, Mangum-Crawford's Property, Martin's Property, Mills' Property, Mitchell's Property, Neyenhaus' Property, Oost's Property, Patrick's Property, Peter's Property,

490655                                    7

Pfeiffer's Property, Pierrard's Property, Pillow's Property, Poole's Property, Rice's Property, Roberts' Property, Schaefer's Property, Schraner's Property, Smith's Property, VanHoosier's Property, Wheatley's Property and Woznicki's Property shall hereinafter be referred to collectively as "Properties".

42. Plaintiffs are citizens of Indiana.

43. General Electric Company ("Defendant") is a corporation incorporated under the laws of New York doing business in Tell City, Indiana.

44. Defendant owns the real property located at 1412 13th Street, Tell City, Indiana 47586 (the "GE Site"), which is more particularly described as follows:

> Approximately sixteen (16) acres of land to the east of 13th Street and south of Payne Street (State Road 37) in Tell City, Perry County, Indiana.

45. The GE Site and the Properties are located in Perry County, Indiana, and therefore venue is proper in this Court.

46. Jurisdiction is proper in this Court because, inter alia, Plaintiffs and Defendant are citizens of different states and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

## Facts Applicable to All Counts

47. The Properties are located adjacent to or in close proximity to the GE Site.

48. Upon information and belief, Defendant has owned the GE Site since at least 1945.

49. Upon information and belief, Defendant has owned and operated a manufacturing and storage facility at the GE Site from at least 1945 until 2005.

50. During their ownership and operation of the manufacturing and storage facility at the GE Site, Defendant used and stored solvents, including chlorinated solvents such as

trichloroethylene ("TCE"), at the GE Site.

51. During their ownership and operation of the manufacturing and storage facility at the GE Site, Defendant generated hazardous waste, which was stored at the GE Site.

52. During ownership of the GE Site, Defendant and/or its employees, contractors, and agents released TCE, solvents, and other contaminants into the sub slab soil and groundwater on, under or around the GE Site.

53. TCE, solvents, and other contaminants migrated onto the Properties from the GE Site during and after Defendant's operation of the manufacturing facility.

54. The specific date or time when the contamination migrated from the GE Site to each of the Properties is not known at this time but may be discoverable from information and documents known to and controlled by Defendant.

55. The TCE, solvents, and other contaminants released by Defendant at the GE Site and those substances now impacting the Properties constitute "hazardous substances" pursuant to Ind. Code § 13-11-2-98 and/or "hazardous wastes" pursuant to Ind. Code § 13-11-2-99.

56. As a result of the contamination of hazardous substances and/or hazardous wastes emanating from the GE Site, the Properties have incurred damages, including but not limited to, diminution in value of the Properties and loss of use and enjoyment of the Properties.

57. Additional testing is needed on the GE Site and the Properties to determine more precisely the nature and extent of the environmental contamination and the necessary actions required to remediate said contamination.

**COUNT I - ENVIRONMENTAL LEGAL ACTION STATUTE**

58. Tell City Property Owners incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

59. Pursuant to Ind. Code §13-30-9-2, a person may bring an environmental legal action against a person who caused or contributed to the release of a hazardous substance into the surface or subsurface soil or groundwater that poses a risk to human health and the environment.

60. Defendant is classified as a "person" under the meaning of that term defined at Ind. Code §13-11-2-158.

61. Each of the Tell City Property Owners are classified as a "person" under the meaning of that term defined at Ind. Code §13-11-2-158.

62. Defendant's actions and omissions related to the ownership and operation of the manufacturing and storage facility at the GE Site have caused and/or contributed to the release of hazardous substances into the subsurface soil and groundwater of the GE Site and the Properties, thereby posing a risk to human health and the environment.

63. Tell City Property Owners have incurred, and will continue to incur, damages, costs and expenses in connection with the removal or remedial action involving the hazardous substances on the Properties, including, but not limited to, environmental consultants', appraisers', experts' and attorneys' fees incurred related to review of the scope of remediation plans, review of reports of contamination, monitoring and remediation activities, client conferences regarding the impact of contamination, damages, ongoing monitoring and remediation activities, and conferences with consultants and governmental entities regarding progress of the above.

64. Tell City Property Owners are entitled to recover from Defendant the costs of removal and/or remedial action involving the hazardous substances on the Properties, including, but not limited to environmental consultant fees and attorneys' fees, as provided for in Ind. Code § 13-30-9-3.

65. Tell City Property Owners are also entitled to recover the costs of all future analytical work and remediation involving the hazardous substances impacting the Properties.

WHEREFORE, Plaintiffs, by counsel, pray that the Court enter judgment in their favor and against Defendant, General Electric Company, in an amount sufficient to compensate Tell City Property Owners for their respective damages, including, but not limited to, costs and expenses, environmental consultant fees and attorneys' fees, incurred in connection with the removal and/or remedial action and all future analytical work and remediation involving the hazardous substances impacting the Properties, and grant such other and further relief as is just and proper.

## COUNT II - TRESPASS

66. Tell City Property Owners incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

67. Upon information and belief, Defendant released hazardous substances and/or hazardous wastes into the subsurface soil and groundwater at the GE Site on or before 2006.

68. Upon information and belief, hazardous substances and/or hazardous waste migrated from the GE Site to the surrounding property throughout the time Defendant operated its manufacturing and storage facility at the GE Site and afterwards.

69. As set forth above, TELL CITY and many of the other Tell City Property owners were in possession of their Properties during the time Defendant released hazardous substances and/or hazardous wastes at the GE Site and/or during the time said contamination migrated onto their Properties.

70. Defendant's actions and/or omissions in causing and/or allowing the contamination to migrate from the GE Site onto the Properties are without legal justification.

71. The Tell City Property Owners never consented to Defendant's release of the hazardous substance and/or hazardous waste at the GE Site nor its migration onto their Properties.

72. As a direct and proximate result of Defendant's trespass upon the Properties, TELL CITY and each of the Tell City Property Owners have suffered damages, including but not limited to, diminution in value of the Properties, and loss of use and enjoyment of the Properties.

73. As a direct and proximate result of the migration of hazardous substances and/or hazardous waste from the GE Site onto the Properties, some of the individual Plaintiffs may have suffered personal injuries, the extent of which is not known at this time but will be discoverable with further monitoring of the health and safety of Plaintiffs and their Properties, due to the presence of hazardous substances on the Properties, including but not limited to the contamination of groundwater and the vapor intrusion of hazardous substances from subsurface soil and/or groundwater.

WHEREFORE, Plaintiffs, by counsel, pray that the Court enter judgment in their favor and against Defendant, General Electric Company, in an amount sufficient to compensate Tell City Property Owners for their respective damages, and grant such other and further relief as is just and proper.

## COUNT III - NUISANCE

74. Tell City Property Owners incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

75. Ind. Code § 32-30-6-6 provides that "whatever is: (1) injurious to health; (2) indecent; (3) offensive to the senses; or (4) an obstruction to the free use of property; so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the

subject of an action."

76. Defendant's release of hazardous substances and/or hazardous waste on the GE Site and surrounding property and the subsequent migration of hazardous substances and/or hazardous waste onto the Properties is injurious to health, indecent, offensive to the senses, and an obstruction to the free use of the Properties.

77. Defendant's failure to timely abate the contamination on the GE Site and its migration onto the Properties is also injurious to health, indecent, offensive to the senses, and an obstruction to the free use of the Properties.

78. Ind. Code § 32-30-6-7 provides that "an action to abate or enjoin a nuisance may be brought by any person whose: (1) property is injuriously affected; or (2) personal enjoyment is lessened; by the nuisance.

79. Ind. Code § 32-30-6-8 provides that "the nuisance may be enjoined or abated and damages recovered for the nuisance."

80. Plaintiffs may recover damages for a prior nuisance found to be unabatable. *Haber Land Co. v. Am. Steel City Indus. Leasing*, 388 F. Supp. 3d 1050, 1058 (S.D. Ind. 2019), citing *Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49, 53 (Ind. Ct. App. 1993).

81. As a direct and proximate result of the nuisance created by Defendant, the Tell City Property Owners have suffered and continue to suffer inconvenience, annoyance, discomfort, and reasonable fear for their safety or that of their Properties.

82. Tell City Property Owners are entitled to commence an action to enjoin the nuisance created by Defendant and to recover damages proximately caused by such nuisance, including, but not limited to, diminution in value of the Properties, loss of use and enjoyment of the Properties, and the cost of monitoring the health and safety of Plaintiffs and their Properties.

83. As a direct and proximate result of the migration of hazardous substances and/or hazardous waste from the GE Site onto the Properties, some of the individual Plaintiffs may have suffered personal injuries, the extent of which is not known at this time but will be discoverable with further monitoring of the health and safety of Plaintiffs and their Properties, due to the presence of hazardous substances on the Properties, including but not limited to the contamination of groundwater and the vapor intrusion of hazardous substances from subsurface soil and/or groundwater.

WHEREFORE, Plaintiffs, by counsel, pray that the Court order Defendant to take immediate action on the GE Site to prevent the continued migration of contamination off the GE Site, and to take immediate remediation action on the Properties that will fully and completely abate the contamination to ensure the safety and health of Tell City Property Owners and the environment, enter judgment in Tell City Property Owners favor and against Defendant, General Electric Company, in an amount sufficient to compensate Tell City Property Owners for their respective damages, and grant such other and further relief as is just and proper.

### COUNT IV - NEGLIGENCE

84. Tell City Property Owners incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

85. During its ownership and operation of the GE Site and the manufacturing and storage facility located thereon, Defendant had a duty to control and maintain the GE Site and its business operations in a safe manner.

86. Defendant had a duty to not allow hazardous substances and/or hazardous waste to be released into the environment, and to promptly respond to any release of such substances in a manner that would prevent further migration of the contamination onto other property,

including the Properties.

87. Defendant has breached these duties by its negligent acts and omissions in operating and maintaining the GE Site, by its failure to implement safeguards to prevent the release of hazardous substances and/or hazardous waste, by its failure to promptly and effectively address the release of hazardous substances and/or hazardous waste, and by its failure to prevent further migration of the contamination onto the Properties.

88. Defendant's significant delay in the proper closure of its facility including the investigation and remediation of the contamination has exacerbated the migration of contamination onto the Properties.

89. Defendant knew or should have known that the release of hazardous substances and/or hazardous waste would migrate onto the Properties and contaminate the Properties.

90. Defendant knew or should have known that the release of hazardous substances and/or hazardous waste had the potential to cause harm to human health and the environment.

91. As a direct and proximate result of Defendant's breaches of its duties, Tell City Property Owners have suffered and continues to suffer damages, including, but not limited to, diminution in value of the Properties and loss of use and enjoyment of the Properties.

92. As a direct and proximate result Defendant's negligence, some of the individual Plaintiffs may have suffered personal injuries, the extent of which is not known at this time but will be discoverable with further monitoring of the health and safety of Plaintiffs and their Properties, due to the presence of hazardous substances on the Properties, including but not limited to the contamination of groundwater and the vapor intrusion of hazardous substances from subsurface soil and/or groundwater.

WHEREFORE, Plaintiffs, by counsel, pray that the Court enter judgment in its favor and against Defendant, General Electric Company, in an amount sufficient to compensate Tell City Property Owners for their respective damages, and grant such other and further relief as is just and proper.

## COUNT V - NEGLIGENCE PER SE

93. Tell City Property Owners incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

94. Under Indiana law, an unexcused or unjustified violation of a duty dictated by a statute is negligence per se. *Neal v. Cure*, 937 N.E.2d 1227, 1237 (Ind. Ct. App. 2010), citing *Town of Montezuma v. Downs*, 685 N.E.2d 108, 112 (Ind. Ct. App. 1997).

95. The release of the hazardous substances and its subsequent migration onto the Properties constitute an unexcused and unjustified violation of Defendant's duties as prescribed by statutes, regulations, and ordinances including, but not limited to, Ind. Code §§ 13-30-2-1, 13-30-3-13, and 329 IAC 3.1, and their predecessors.

96. The breaches of the above-referenced statutory and regulatory duties are the proximate cause of injury to Tell City Property Owners and the environment.

97. The violations of the statutes imposes liability upon Defendant.

98. As a direct and proximate result of Defendant's breaches of its duties, Tell City Property Owners have suffered and continues to suffer damages, including but not limited to, diminution in value of the Properties and loss of use and enjoyment of the Properties.

99. As a direct and proximate result of Defendant's breaches of its duties, some of the individual Plaintiffs may have suffered personal injuries, the extent of which is not known at this time but will be discoverable with further monitoring of the health and safety of Plaintiffs and

their Properties, due to the presence of hazardous substances on the Properties, including but not limited to the contamination of groundwater and the vapor intrusion of hazardous substances from subsurface soil and/or groundwater.

WHEREFORE, Plaintiffs, by counsel, pray that the Court enter judgment in its favor and against Defendant, General Electric Company, in an amount sufficient to compensate Tell City Property Owners for their respective damages, and grant such other and further relief as is just and proper.

### COUNT VI - DECLARATORY RELIEF

100. Tell City Property Owners incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

101. Pursuant 28 USCS § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, <u>whether or not further relief is or could be sought</u>." (emphasis added).

102. Plaintiffs are entitled to declaratory relief to establish that Defendant rather than any of the Tell City Property Owners is responsible for the contamination discovered on the Properties.

103. Plaintiffs are also entitled to declaratory relief to recover all reasonable and necessary future costs, which are recoverable under 42 U.S.C. § 9607 ("CERCLA") and Ind. Code §13-30-9-2 ("ELA"). *See, e.g., Padgett Bros. LLC v. A.L. Ross & Sons, Inc.*, No. 1:10-cv-00858-RLY-DML, 2014 U.S. Dist. LEXIS 97069, at *38 (S.D. Ind. July 17, 2014).

104. Declaratory releif is appropriate for numerous reasons, including that it will prevent the need for multiple lawsuits as Tell City Property Owners incur costs relating to ongoing migration of the contamination onto the Properties and onto other property, costs for

which Defendant is liable, that it will provide a final resolution of the issues between Tell City Property Owners and Defendant regarding liability for said costs, and that it will ensure an environmentally proper and expeditious response to the contamination impacting the Properties.

WHEREFORE, Plaintiffs, by counsel, pray that the Court enter declaratory relief in their favor and against Defendant, General Electric Company, declaring as follows:

    a.    That Defendant is liable for the contamination on the Properties and areas surrounding the GE Site and responsible for remediation of the contamination and restoring the Properties to their uncontaminated state; and

    b.    That Defendant is liable for and will reimburse Tell City Property Owners for all past and future costs the Tell City Property Owners have incurred relating to the contamination on the Properties, including all consultant fees, attorneys' fees and court costs; and

    c.    That Defendant is liable for all damages caused to Tell City Property Owners as a result of the contamination, including but not limited to, diminution in value of the Properties and loss of use and enjoyment of the Properties;

and that the Court grant such other and further relief as is just and proper.

[SIGNATURES ON FOLLOWING PAGE]

                Respectfully submitted,

                **KAHN, DEES, DONOVAN & KAHN, LLP**

                By: /s/ G. Michael Schopmeyer
                     G. Michael Schopmeyer, #2029-82
                     E-mail: mschopmeyer@kddk.com

                By: /s/ Michael E. DiRienzo
                     Michael E. DiRienzo, #22948-71
                     E-mail: mdirienzo@kddk.com

KAHN, DEES, DONOVAN & KAHN, LLP     "INDIVIDUAL PLAINTIFFS' COUNSEL"
501 Main Street, Suite 305
P.O. Box 3646
Evansville, IN 47735-3646
Telephone: (812) 423-3183
Facsimile: (812) 423-3841

                **HUBER GOFFINET & HAGEDORN**

                By: /s/ Jeffrey W. Hegedorn
                     Jeffrey W. Hagedorn, #19806-49
                     Email: cityattorney@tellcity.in.gov

HUBER, GOFFINET, & HAGEDORN     "COUNSEL FOR THE CITY OF TELL CITY"
644 12th Street
Tell City, IN 47586
Telephone: (812) 547-7081
Facsimile: (812) 547-7083

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

                /s/ Michael E. DiRienzo
                Michael E. DiRienzo, #22948-71
                E-mail: mdirienzo@kddk.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January 2021, a copy of the foregoing Amended Complaint was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Charles P. Rice - crice@murphyrice.com

Patrick David Murphy - pmurphy@murphyrice.com

Jeffrey Wayne Hagedorn - jhagedorn@psci.net; cityattorney@tellcity.in.gov


/s/ Michael E. DiRienzo
Michael E. DiRienzo, #22948-71
E-mail: mdirienzo@kddk.com